McDonald, J.
 

 |2The plaintiff, Tina Ford, worked as a dining room attendant for Sodexho, Inc. (Sodexho) in Thibodaux. On February 27, 2004, while Ms. Ford was at work, standing on a ladder and lifting a bucket of ice, she injured her back. Ms. Ford filed a disputed claim for compensation on January 24, 2008, asserting that there was a dispute over her wage benefits, medical bills, and a medical procedure. In its answer, Sodexho asserted that Ms. Ford had
 
 *477
 
 received all the benefits to which she was entitled.
 

 On February 6, 2009, the matter went to trial.
 
 [1]
 
 Thereafter, the workers’ compensation judge (WCJ) ruled, authorizing Ms. Ford’s back surgery, awarding supplemental earnings benefits (SEBs) for some time periods, and awarding Ms. Ford $2,000.00 in penalties and $5,000.00 in attorney fees for Sodexho’s termination of indemnity benefits when Ms. Ford was entitled to receive SEBs.
 

 Sodexho appealed that judgment, asserting that the WCJ erred in finding that back surgery was reasonable and medically necessary; erred in finding that Ms. Ford was entitled to SEBs for certain time periods after she returned to work for Sodexho in January of 2006; erred in finding that Sodexho was arbitrary and capricious in not paying for Ms. Ford’s SEBs after her return to work; and erred in awarding Ms. Ford penalties and attorney fees. Ms. Ford answered the appeal, asserting that the WCJ erred in failing to find that she was entitled to SEBs during the time period that she was enrolled in college; and, further, requesting attorney fees for the appeal.
 

 A review of the record shows extensive reasons for judgment by the WCJ. Regarding the need for back surgery, there was a disagreement among doctors as to whether back surgery was needed. Dr. A. Delmar Walker, Jr., an orthopedist, | c,recommended weight reduction and exercise. Dr. Michael S. Haydel, a pain management specialist, treated Ms. Ford with steroid injections and referred her to Dr. Michael A. LaSalle, an orthopedist, for surgical consideration. Dr. LaSalle recommended weight loss and exercise, and thought surgery would not be beneficial. Dr. Chris Cenac, Jr., an orthopedist, recommended a microdiscectomy and described it as the least invasive type of surgery that could be done. Because of the disagreement among doctors, the WCJ appointed an independent medical examiner, Dr. James C. Butler, an orthopedist. Dr. Butler questioned whether the surgery would provide Ms. Ford with relief, and recommended conservative treatment instead of surgery. However, as noted by the WCJ, Ms. Ford had been undergoing conservative treatment for five years without much improvement. We conclude it was not clearly wrong for the WCJ to choose Dr. Cenac’s opinion over that of other doctors.
 

 Regarding the SEBs, the WCJ gave an exhaustive analysis and computation of why SEBs were awarded for the time periods that they were given. After a review of the record, we find no manifest error in that determination. Further, regarding the award of penalties and attorney fees to Ms. Ford, we find no manifest error in that determination by the WCJ. Ms. Ford’s request for additional attorney fees is denied.
 

 Thus, for the foregoing reasons, the judgment of the WCJ is affirmed. Costs are assessed against Sodexho. This opinion is issued in compliance with the Uniform Rules, Louisiana Courts of Appeal Rule, 2-16.2(A)(4), (5), (6), and (8).
 

 AFFIRMED.
 

 PARRO, J., concurs.
 

 [1]
 

 . The parties stipulated that Ms. Ford’s average weekly wage on the day of the accident was $301.60.